## WOODRUFF et al. *v.* ROBERTS et al.

One who purchases from the government a certain number of acres of public land on which there was at the time wood cut and corded, has no claim to the wood, which had been separated from the land and was moveable at the date of the purchase. The rights of the government were not transferred to the purchaser. C. C. 454, 456, 457, 459.

APPEAL from the District Court of Carroll, *Selby*, J. *Mathewson* and *Browder*, for the appellants. *Walker*, for the defendants. The judgment of the court was pronounced by

ROST, J. This is a petitory action, in which the plaintiffs allege that they purchased the land claimed from the government of the United States, in March and April, 1845. They further claim six or seven hundred cords of wood which had been cut from the timber upon the land, and were found thereon at the time of the purchase. The defendants filed a general denial, and farther alleged that they purchased the land in controversy about the 1st February, 1844, from the plaintiff, *Philander Woodruff*, by a verbal sale for the sum of $150; that the plaintiffs are bound in warranty to pay them back the price, and also the value of their improvements. They further answer that the wood claimed does not belong to the plaintiffs, because it was cut before the purchase of the land by them, and that, if they recover said wood, they should be made to pay the defendants its value. The title of the plaintiffs to the land is not seriously contested, and the only question before us is in relation to the ownership of the

WOODRUFF
*v.*
ROBERTS.

cord-wood. The case was tried before two juries, who both gave the wood to the defendants, and the plaintiffs have appealed from the judgment rendered on the last verdict.

The title adduced by the plaintiff is a receipt of the receiver of the land office for the sum of $206 91, being in full for the lot or fractional quarter of section no. 23, island no. 92, in township north 23, of range no. 13 east, containing one hundred and sixty-five 53-100 acres, at $1 25 per acre.

This is a sale of land, and nothing passed under it but the land and the things found upon it, which were immovable by their destination or by the object to which they were applied. C. C. 454, 456, 457, 459.

In the case of *Nimmo* v. *Allen et al.*, 2 Annual, 451, in which a similar question came before the court, we held that the purchasers under a judicial sale of land had acquired no title to slaves, pickets, boards and cypress logs which were upon the land at the time it was sold. That case cannot be distinguished from the present. The cord-wood claimed by the plaintiffs had been separated from the land, and was movable at the date of the plaintiffs purchase. The rights which the United States may have had upon it were not transferred to them.          *Judgment affirmed.*